ARAM K. BERBERIAN *vs.* HOWARD E. JORDAN, JR.

JULY 31, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This action of trespass for assault and battery and false arrest was certified by the superior court under the provisions of general laws 1938, chapter 545, §6, as amended by public laws 1940, chap. 941, sec. 2, as raising questions of doubt and importance which so affect the merits of the controversy that they ought to be determined by the supreme court before further proceedings.

The questions thus raised involve the constitutionality of G. L. 1938, chap. 625, §68, as amended by P. L. 1941, chap. 982, section 1. The pertinent amendment is part of the uniform arrest law and clause 1 of sec. 68 is entitled *"Questioning and Detaining Suspects."*

After the case was argued in this court and before our decision thereon, defendant filed a motion that the case be remanded to the superior court on a ground not previously argued, namely, that the certified questions are here prematurely and that they do not so affect the merits of the controversy as to require this court to determine them at this time. In support of such contention, defendant points

out that in the district court he entered a general appearance by his attorney and that under our practice that appearance is equivalent to the plea of the general issue.

The defendant further represents that under such plea he is entitled to produce and will produce facts to show that he did not do the acts complained of; that such alleged acts, if done at all, were done by another person; and that defendant will produce further evidence to prove that in any event whatever was done by the police was consented to by the plaintiff.

Counsel for defendant in their argument on the motion to remand request this court to return the case to the superior court to permit them to withdraw, with that court's approval, the special plea which by reason of plaintiff's demurrer thereto raises the constitutional questions involved herein. It is represented that if such withdrawal is permitted defendant will proceed to trial on the plea of the general issue and such other plea or pleas as may be permitted by the superior court, which pleas will not raise any questions of constitutionality.

In such circumstances it appears that on the pleadings herein, apart from the special plea under consideration, the case could be decided upon plaintiff's declaration and defendant's plea of the general issue and the evidence producible thereunder. If defendant is permitted to file other pleas which do not raise any questions of constitutionality, a similar decision of the case could be made without involving any determination by the superior court or by this court of the constitutional questions here presented.

It is a well-settled rule of law that courts will not undertake to decide constitutional questions unless their determination is indispensably necessary to the proper disposition of the case. *Blais* v. *Franklin,* 30 R. I. 413; *State* v. *Goldberg,* 61 R. I. 461; *Ex parte Randolph,* 2 Brock. 447. In the special circumstances of this case we think the motion to remand the case should be granted, but only on the express condition that defendant request permission of the

superior court forthwith to withdraw the special plea under §68, as amended, *supra,* which raises the constitutional questions presented by the instant certification.

It is therefore ordered that the papers in the case be returned to the superior court with direction to grant the defendant's request to withdraw the special plea under consideration, and to permit the case to proceed to trial on the declaration and plea of the general issue and such other pleas as may be permitted by the superior court, which pleas will not raise any question of constitutionality.

*Aram K. Berberian, pro se,* for plaintiff.

*Richard F. Canning, Joseph V. Cavanagh,* for defendant.